| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> Caption in Compliance with D.N.J. LBR 9004-1(b) <br><br> **SILVERMAN LAW PLLC** <br> 4 Terry Terrace <br> Livingston, New Jersey 07039 <br> Brett S. Silverman, Esq. <br> Brett@getconciergelaw.com <br> T:  646.281.6008 <br> F:  888.896.5886 <br><br> *Counsel for Debtors and Debtors-in-Possession* | |
| **In re:** <br><br> **83-85 Madison St LLC,** <br><br>          **Debtor.**[1] | **Case No. 25-15717 (JKS)** <br> **Chapter 11** <br> **(Subchapter V)** <br><br> **Joint Administration Requested** |
| **In re:** <br><br> **The Boza Group LLC,** <br><br>          **Debtor.** | **Case No. 25-15713 (JKS)** <br> **Chapter 11** <br> **(Subchapter V)** |
| **In re:** <br><br> **189-191 Park Ave LLC,** <br><br>          **Debtor.** | **Case No. 25-15712 (JKS)** <br> **Chapter 11** <br> **(Subchapter V)** |
| **In re:** <br><br> **267 6th Ave LLC,** <br><br>          **Debtor.** | **Case No. 25-15714 (JKS)** <br> **Chapter 11** <br> **(Subchapter V)** |
| **In re:** <br><br> **95 Market Street LLC,** <br><br>          **Debtor.** | **Case No. 25-15710 (JKS)** <br> **Chapter 11** |

**OBJECTION TO THE MOTION OF PRIDE
FUNDING SEEKING THE APPOINTMENT OF A
<u>TRUSTEE AND DISPOSSESSING THE DEBTORS</u>**

---

[1] In addition to the lead debtor 83-85 Madison St LLC (2708), the other debtors in these chapter 11 cases and the last four digits of each such debtor's federal tax identification number, as applicable, are as follows: 267 6th Ave LLC (4950); The Boza Group (5926); 189-191 Park Ave LLC (7303).  The Debtors' mailing address is 576 Valley Road, #304, Wayne NJ 07470.

83-85 Madison St LLC ("**Madison**") and the affiliated debtors set forth in footnote 1, who constitute all of the above-captioned debtors and debtors-in-possession (collectively, the "**SubV Debtors**"), as well as, 95 Market Street LLC ("**Market**" and together with the Sub V Debtors, the "**Debtors**"), by and through their undersigned counsel, hereby objects to the motion of Pride Funding LLC ("**Pride**") seeking: A) Appointment of Ch. 11 Trustee; B) Removal of Debtors as Debtors-in-Possession; and C) "Comfort Order" Confirming Automatic Stay does not apply to Non-Debtors (the "**Motion**"), and respectfully states as follows (this "**Objection**"):

## PRELIMINARY STATEMENT

1. The Motion is a compilation of allegations by Pride, most of which are designed to be disingenuous, create misdirection, uninformed, and/or complete falsity.

2. First, all references and arguments centered around or tangential to the Non-Debtors (as defined in the Motion)[2], are disingenuous and misdirection, as neither of those borrowers are in bankruptcy at this moment, and, more importantly, do not lend any credence or support to how the Debtors' manage their affairs in the slightest, let alone support for the appointment of a Chapter 11 Trustee. It therefore respectfully submitted that all such allegations should be disregarded from consideration, when deciding whether these Debtors have committed "cause" sufficient enough to rise to the level of necessitating appointment of a chapter 11 trustee.

3. Second, each of Debtors' sole member is Jennifer Pina, and, none of them are owned by, controlled by, or managed by Cesar Pina. Therefore, despite being husband and wife, Mr. Pina's issues and allegations against him, have absolutely nothing to do with these Debtors and whether they have committed "cause" sufficient enough to rise to the level of necessitating appointment of a chapter 11 trustee.

---

[2] The Non-Debtors, who are parties to the Consent Order, are (a) 91-103 Sherman Ave LLC and (b) 383-391 Totawa Ave LLC.

4. Third, while it is true that Ms. Pina was charged with obstruction, she was not convicted of same. Moreover, Pride goes very far afield from truth when alleging that Ms. Pina has committed fraud – which allegation is defamatory at best. Further, while regrettable, the obstruction allegation has nothing to with these Debtors.

5. Each of the Debtors is insured despite the allegations in the Motion. Similarly, most of the Debtors are current on real estate taxes, and, to the extent that they are not, they will be brought current or satisfied out of the proceeds of a refinance or sale of the respective Debtor. The Debtors were able to open DIP accounts.

6. Notwithstanding all of Pride's distrust with the Debtors and Ms. Pina, at the time of filing, the Consent Order was in effect, and at no time after the entry of the Consent Order, did Pride move the State Court for a modification of the Consent Order, allege breach thereof by any of the Debtors, and, most importantly, never attempted to (a) remove the Debtors from possession, (b) elevate the receiver to full rent collecting receiver, (c) allege malfeasance with rent collection or management, or (d) seek to stop the Debtors and Ms. Pina from managing themselves. All of a sudden, Pride has issues with the management of the Debtors, Ms. Pina's alleged obstruction, and use of cash collateral, which did not exist one second before the filings took place on May 30. If Ms. Pina was so untrustworthy and detrimental to the value of the properties, Pride's position, or manner in which the properties were being managed, why no action in the State Court?

7. The one real truth repeated in the Motion which has any relevance in these cases and to consideration of appointment of a trustee is each Debtor's use of cash collateral without authorization, however, each Debtor (excepting 189-191 Park Ave who has no operations) has sought permission to use the cash collateral as each Debtor had been using such cash collateral

immediately prior to their respective filings. Pride has not been damaged, the Debtor's have offered adequate protection payments, and, Pride had no issues with such use prior to the filings.

8. Lastly, each Debtor (a) is represented by competent counsel, (b) has sought terms of retention from Auction Advisors (a very familiar broker/auctioneer to Pride, and whom, Pride's preferred trustee would engage is appointed) for sale of the properties in case refinance is not an option, and (c) is preparing plans of reorganization which will be filed prior to the end of July.

9. The administration of the Debtors through a trustee would be identical to the administration of the Debtors without a trustee, however, the costs associated with a trustee (and counsel and other professionals) would not be incurred if the Motions are denied. The Debtors want to be done with Pride as much as Pride wants the Debtors to go away.

10. As more fully set forth below, in this Circuit, appointment of a Chapter 11 Trustee requires (a) "cause" and the movant (in this case Pride) is required to provide clear and convincing evidence of such "cause", however, it is respectfully submitted that Pride has woefully failed to demonstrate any "cause" by clear and convincing evidence under Bankruptcy Code §1104(a)(1); or (b) be in the best interests of the parties in interest under Bankruptcy Code §1104(a)(2), and for the same reason, all parties in interest are best served allowing the Debtors to reorganize and sell or refinance without the added expense of the trustee and potential professionals.

11. There have been no allegations of gross mismanagement, fraud or the like. Pride asks the Court to find Jennifer Pina guilty simply by association to her husband and nothing more - hardly evidence or proofs on which the Court should or could rely. None of these Debtors we purchased with any money from her husband or any of his alleged investors.

12. The Motion is nothing more than Pride continuing to try to control the Debtors and the narrative on its terms forgetting everyone else. There is no smoke, there is no fire.

13. For all of the reasons set forth below, the Debtors each ask that each of the Motions be denied in their entirety.

## LEGAL ARGUMENT

14. For all of the reasons set forth below, each Debtor respectfully submits that this Court should deny each of the Motions filed against them and leave the Debtors in possession and management of their own respective affairs.

15. In the usual chapter 11 proceeding, the debtor remains in possession throughout reorganization because "current management is generally best suited to orchestrate the process of rehabilitation for the benefit of creditors and other interests of the estate." *In re Marvel Entertainment Group*, 140 F3d 463, 471 (3d Cir. 1998)(quoting *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 524 (Bankr. E.D.N.Y. 1989)).

16. The District Court in *Martelli v Colts Neck Golf & Country Club*,[3] stated that:

> In fact, there is a "strong presumption" against appointing an outside trustee because the fiduciary obligations of the debtor to the creditors alleviate the need for a trustee. Marvel, 140 F.3d at 471; see G-I Holdings, 385 F.3d at 319 (clarifying that the "strong presumption" was simply another way of referring to the clear and convincing evidence standard). "The strong presumption also finds its basis in the debtor-in-possession's usual familiarity with the business it had already been managing at the time of the bankruptcy filing, often making it the best party to conduct operations during the reorganization." Marvel, 140 F.3d at 471.

*Id.* at *14-15.

17. "It is settled that appointment of a trustee should be the exception, rather than the rule." *In re Sharon Steel Corp.*, 871 F2d 1217, 1225-1226 (3d Cir. 1989).

***Pride Failed to Prove "Cause" under 11 U.S.C. §1104(a)(1)***

---

[3] 2015 US Dist LEXIS 112034 (D. N.J. 2015).

18. "Because there is a strong presumption in Chapter 11 cases that the debtor should continue in control and possession of its business, the appointment of a trustee is seen as an extraordinary remedy justified only by 'clear and convincing' evidence of 'fraud, dishonesty, incompetence or gross mismanagement.'" *Wilmington Trust Co. v Aardvark, Inc. (In re Aardvark, Inc.)*, 1997 US Dist LEXIS 3304, at *7 (D. Del. 1997)(internal citations omitted).

19. The District Court in *In re Biolitec, Inc.*,[4] stated that::

> While a bankruptcy court is required to appoint a trustee where it finds "cause," the determination of whether the moving party has satisfied its burden in showing "cause" is committed to the bankruptcy court's discretion. It is settled law in the Third Circuit that the appointment of a trustee is the exception, rather than the rule, and is relief granted only as a last resort. ***The movant must prove the need for a trustee by clear and convincing evidence***. ***Evidence is "clear and convincing" when it produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue***. The appointment of a trustee is made on a case-by-case basis, after considering the totality of the circumstances.

*Id.* at *23-24 (internal citations omitted)(emphasis supplied); *see also In re Sharon Steel Corp., supra,* at 1226; *Official Comm. of Asbestos Claimants v G-I Holdings, Inc. (In re G-I Holdings, Inc.)*, 385 F3d 313, 316 (3d Cir. 2004)("the party seeking appointment of a trustee must prove the need for the appointment by clear and convincing evidence and that there is a strong presumption" against appointing a trustee").

20. Here, Pride has woefully failed to demonstrate "cause" let alone "cause" by clear and convincing evidence. The Motion is a series of allegations, most of which are not relevant and made for misdirection, as well as, just plainly false or misrepresenting statements.

21. As stated above, the only real potential factor of "cause" present in these cases is the unauthorized use of cash collateral. That said, the use was not prevented or objected to by

---

[4] 2013 Bankr LEXIS 1377 (Bankr. N.J. 2013).

Pride prior to the bankruptcy filings, moreover, there is no demonstration of harm, which rises to the level of such an extraordinary remedy of appointing a trustee in these matters.

22. Therefore, that portion of the Motion seeking a trustee under §1104(a)(1) should be denied and the Debtors left in possession and management of their respective affairs.

*A Trustee is Not in Best Interests of Any Party to These Cases - 11 U.S.C. §1104(a)(2)*

23. In *In re Sharon Steel Corp., supra,* the Third Circuit states that:

> Subsection (a)(2) also creates a flexible standard, instructing the court to appoint a trustee when doing so addresses "the interests of the creditors, ***equity security holders***, and other interests of the estate." Subsection (a)(2) allows appointment of a trustee even when no "cause" exists.

Id. at 1226 (emphasis supplied)

24. Here, Pride does not really demonstrate how it is in its best interests to appoint a trustee, especially, when Pride's stated goals are virtually identical to those of the Debtors. As set forth above and in other pleadings, the Debtor is already in communication with Auction Advisors and in the midst of preparing plans of reorganization that should be filed by end of July (well in advance of statutory requirements), which will seek to repay Pride either through refinance or quick sales.

25. As further stated above, the Debtors want to be free of Pride, however, there is real questions as to the actual amounts due to Pride, and therefore, in addition to the Plans, the Debtors will be seeking Court intervention to speedily assist in determining actual amounts due to Pride (if anything), something that the State Court attempted to do, but Pride consistently avoided. Along that line, §1104(a)(2) requires review of a trustee as it might affect Ms. Pina as much as it may affect Pride. Ms. Pina's equity in the properties would be severely if not entirely eroded, as well as, Pride's potential return, by the expense of the trustee and professionals associated therewith.

Further, a trustee may not really consider Ms. Pina's interests when negotiating sale terms with Pride.

26. Based on the foregoing, the Debtors respectfully submit that appointment of a trustee is not in the best interests of all parties in interest, and therefore, the portions of the Motions seeking a trustee under §1104(a)(2) should be denied and the Debtors left in possession and management of their respective affairs.

## CONCLUSION

27. The Debtors believe that there is a gross overinflation of the amounts due to Pride, especially those asserted in the Motion, and therefore, accountings must be provided and actual amounts need to be determined. The Debtors will be seeking a hearing and court intervention on calculating the amounts due to Pride and then, allow the debtors to engage in a short but appropriate marketing effort to either refinance or sell their respective properties as requested by Pride – but, without the costs associated with a trustee. Adding a trustee only adds layers of expense to the estate, which hurt all parties in interest, including Pride, the Debtors and Ms. Pina. Given the desire to be rid of each other, at this time, in the absence of "cause", it is in the best interests of all parties to deny the Motions.

28. Pride has failed to provide clear and convincing evidence of "cause" and cannot demonstrate that a trustee is in the best interests of all parties in interest.

29. Each Debtor seeks entry of an order denying each Motion filed against them.

Dated: Livingston, New Jersey
July 9, 2025

Silverman Law PLLC
*Counsel to the Debtors*

By: __s/Brett S. Silverman_____
Brett S. Silverman